IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.	Case No. 20-cr-1524 WJ

KALANI UEHARA,

    Defendant.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on Defendant's Unopposed Motion to Modify and Clarify Release Order. Doc. 111. Pursuant to 28 U.S.C. §§ 636(b)(1)(B), (b)(3), the Honorable William P. Johnson referred this matter to me to conduct hearings and perform any legal analysis required to recommend to the Court an ultimate disposition of this motion. Docs. 114, 115. I held a hearing on September 13, 2023. During the hearing, the Court proposed that Defendant's motion be resolved according to the terms I am setting forth in this PFRD. The parties agreed to this proposed resolution. In addition, the parties agreed to notify the Court within one day of the entry of this PFRD as to whether they have any objections to the PFRD. Absent such notification, the parties agreed that the Court could conclude that they waived their objections and immediately proceed to adopt or reject the PFRD.

Defendant's motion raises two issues: (1) whether her conditions of residence at the La Pasada Halfway House should be changed from home detention to home incarceration and (2) whether Defendant may possess a cellular telephone with either no, or limited, internet capabilities. For the reasons I more fully articulated at the September 13, 2023 hearing, I recommend that the Court change Defendant's conditions from home detention to home incarceration. Also for the reasons I more fully articulated at the September 13, 2023 hearing, I

1

recommend that the Court enter an order allowing Defendant to use a cellular telephone that is approved by Pretrial Services, even if such phone has limited internet capability.

Regarding the first issue, Pretrial Services had indicated that Defendant likely will be more able to comply with requirements at La Pasada if the Court orders her residence there to be home incarceration rather than home detention. Although home incarceration is more geographically restrictive, certain rules with which Defendant would otherwise have to comply, such as obtaining employment, would not apply. Defendant further represents that the relaxation of rules such as the rule requiring her to obtain employment would better enable her to assist in her defense, which is the primary reason the Court released her in the first instance. Further, the United States, for its part, has no objection to this more geographically restrictive condition. I also find this change to be appropriate in that it addresses Defendant's primary concern (being able to assist in her defense) as well as the United States' concern that Defendant might leave the halfway house and contact an alleged victim of her alleged crime.

Regarding the second issue, on August 1, 2023, the Honorable Kea W. Riggs held a hearing on Defendant's Emergency Motion for Release (Doc. 101). During that hearing, Defendant requested permission to possess a cellular telephone while at La Pasada. Doc. 117 at 13. Defendant argued that this would enable her to more easily and more frequently communicate with her attorney about her case. *Id*. Judge Riggs stated that she would allow Defendant to possess a cellular telephone, "If it does not have internet access in any way and it is approved by the Pretrial Services officer, then I will leave it up to the Pretrial Services officer." *Id*. Pretrial Services indicated that they would approve Defendant having what is often described as a "flip-phone" or non-smart phone. Some of these types of phones, however, have very limited internet access. Because this limited internet capability would not allow Defendant to

access websites or otherwise use the phone like a computer, Pretrial Services has no objection to Defendant using such a phone. Nonetheless, it has concerns that such authorization does not fall within the parameters Judge Riggs set.

At the September 13 hearing I asked the parties if they would have an objection to Defendant possessing a non-smart cellular telephone that Pretrial Services authorizes and that is not capable of accessing websites or being used like a computer. I further stated that I would recommend that Pretrial Services be allowed to search this phone, to include looking at the telephone numbers Defendant called or sent text messages to, looking at numbers from which Defendant received calls or text messages, and reading Defendant's text messages. In addition, I proposed that Defendant agree that, if Pretrial Services wanted to verify the accuracy of Defendant's call and text records, Pretrial Services could obtain such records from Defendant's carrier. The United States and Defendants agreed to this proposal. Further, Defense counsel will provide Pretrial Services the telephone numbers that he may use to contact his client or that his client may use to contact him. Pretrial Services will not read text messages to or from one of these numbers unless they have reason to believe that Defendant somehow spoofed that number. In such a situation, Pretrial Services would designate a "taint team" officer not involved in Defendant's supervision to read the message. This officer would not communicate the content of such message to any other officer or law enforcement personnel without first receiving Court authorization. In sum, the parties agree, and I recommend, that Defendant be allowed to possess a non-smart cellular telephone approved by Pretrial Services even if that telephone has limited internet capabilities.

WHEREFORE, I recommend the Court (1) change Defendant's condition of residence from home detention to home incarceration; (2) allow Defendant to possess and use a non-smart

cellular telephone. Consistent with the parties' agreement at the September 13, 2023 hearing, if either party has an objection to this recommendation they should notify the Court of their intent to file objections within one day of the entry of this order. The absence of filing such a notice will constitute a waiver of objections.

_____
Steven C. Yarbrough
United States Magistrate Judge