FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            Case No. 20-cr-1524 WJ

KALANI UEHARA,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on Defendant's Emergency Motion to Modify Release Order, Doc. 122, and the Petition for Action on Conditions of Pretrial Release, Doc. 123. Pursuant to 28 U.S.C. §§ 636(b)(1)(B), (b)(3), the Honorable William P. Johnson referred this matter to me to conduct hearings and perform any legal analysis required to recommend to the Court an ultimate disposition of this matter. Docs. 115. The United States filed a response to Defendant's motion on September 29, 2023, Doc. 130. Defendant did not file a reply and the deadline to do so has now expired. I recommend that the Court deny Defendant's motion and that she remain in the custody of the U.S. Marshal.

## PROCEDURAL HISTORY

On June 25, 2020, a criminal complaint charged Defendant with violations of 18 U.S.C. § 875(c), threats in interstate communications, and 18 U.S.C. § 1001(a)(1)-(3), false statements. Doc. 1. The United States later indicted Defendant on two counts of violating 18 U.S.C. § 844(e), malicious threat to injure by fire or explosive. Doc. 22. At a detention hearing on July 7, 2020, Magistrate Judge Robbenhaar ordered Defendant be detained, finding that according to the factors in 18 U.S.C. § 3142(g), the government had proven by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any

other person and the community. Doc. 19. The Court's reasons for detention included the weight of the evidence against Defendant; subject to lengthy period of incarceration if convicted; lack of stable employment; lack of stable residence; and concern that Defendant could access computers or cell phones to further threaten or otherwise harm victims. *Id.* In August 2020, Defendant moved to revoke or amend the Court's detention order, asking that she be released to home confinement. Doc. 29. Judge Robbenhaar held a hearing, Doc. 40, and denied the motion, finding that no conditions or combinations of conditions of release could adequately address the danger to the community posed by Defendant's release. Doc. 39. In December 2020, the United States filed a motion to modify conditions of release, arguing that while at Cibola County Correctional Center, Defendant tried to contact a victim several times. Doc. 49. Judge Robbenhaar granted the motion, modifying Defendant's conditions of confinement such that she should not have unwanted contact with the alleged victims and potential government witnesses in this case. Doc. 50.

On March 30, 2021 a superseding indictment charged Defendants with counts 1 & 8, cyberstalking in violations of 18 U.S.C. § 2261A(2); counts 2 & 15, false statement or representation in violation of 18 U.S.C. § 1001(a)(2); counts 9-10, malicious threat to injure by fire or explosive in violation of 18 U.S.C. § 844(e); counts 3-6, fraud in connection with computers in violation of 18 U.S.C. § 1030(a)(2) ad (c)(2)(B)(ii); count 7, aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(2); and counts 11-14, threats in interstate commerce in violation of 18 U.S.C. § 875(c). Doc. 56. On March 17, 2023, Defendant appealed her detention order, Doc. 88, and, on April 6, 2023, District Judge Johnson found that Defendant's current confinement at the Otero County Prison Facility hampered her counsel's ability to prepare for trial and so set aside the detention order to allow Defendant's release to a halfway house. Docs.

99, 106, 110. The Court noted that "any violations will not be tolerated, a warrant will be issued, and the Defendant will be returned to custody to be housed at Cibola Detention facility." Doc. 99 at 2.

By May 27, 2023, Defendant had not yet been released to the halfway house, and so Defendant filed an emergency motion. Doc. 101. Due to Judge Johnson's scheduling conflicts, Doc. 105, District Judge Riggs held a hearing and set Defendant's conditions of release. Docs. 108, 109. The Court ordered Defendant be released to La Pasada Halfway House with zero tolerance for violations of conditions of release. Doc. 109. After a hearing and a Proposed Findings and Recommended Disposition, Docs. 118, 119, the Court later modified the conditions of release to home incarceration at La Pasada Halfway House and allowed Defendant to possess and use a non-smart cellular telephone. Doc. 121.

On September 17, 2023, Defendant filed the present Emergency Motion to Modify Release Order, requesting that she be released on her own recognizance due to conditions at La Pasada causing her to feel unsafe. Doc. 122; *see also* Doc. 130 (response).[1] The same day, Defendant's Pretrial Services Officer filed a Petition for Action on Conditions of Pretrial Release, requesting that the Court issue an arrest warrant because La Pasada was no longer willing to serve as a third-party custodian given multiple behavior issues with Defendant. Doc. 123. The Court issued an arrest order and Magistrate Judge Yarbrough held a detention hearing on September 19, 2023. Doc. 128. The Court ordered that Defendant remain in custody pending either: (1) notice of the availability of some other halfway house or community corrections center for the Court's consideration or (2) a favorable ruling for Defendant on her pending emergency motion to modify her conditions of release. Doc. 129.

---

[1] Defendant did not file a reply and her time to do so has expired. *See* D.N.M. LR-Cr. 47.8(a).

**HEARING**

As an initial matter, when Defendant filed her September 17, 2023 emergency motion to modify her release order, she requested a hearing. On September 19, 2023, I held a hearing on the Petition for Action on Conditions of Pretrial Release, during which the issue before me was whether there was probable cause, or under the mandatory detention provision of 18 U.S.C. § 3148 whether there was clear and convincing evidence, to support the allegation that Defendant violated her conditions of release. *See* Doc. 128. There was no dispute that La Pasada was no longer willing to house Defendant, so both the probable cause and clear and convincing evidence standards were easily met. Nonetheless, I allowed the parties to call witnesses focused on why La Pasada will no longer house Defendant. The United States called the director of La Pasada halfway house and Defendant testified on her own behalf. At the conclusion of witness testimony, Defendant argued that La Pasada's decision to terminate her residence was unjustified. She claimed she did not violate any rules, and if she did, that any such violations were minor. The United States countered that Defendant is not amenable to supervision and La Pasada's decision was justified. This hearing lasted over two hours. I explicitly advised the parties that I was broadening the scope of the hearing beyond what I would normally allow so that the parties could elicit testimony and create a record regarding Defendant's termination from La Pasada. I further advised the parties that my intent was to allow the parties to create a record for Chief Judge Johnson's review to assist him in deciding Defendant's motion to modify release order and/or deciding whether, given that La Pasada is no longer an option for Defendant, some other conditions exist under which Defendant could be released. Additionally, I held a hearing on September 13, 2023—six days earlier—related to Defendant's conditions at La Pasada. Doc. 118. Thus, between the two hearings and the briefs, I have sufficient information to make a

recommendation on the present motion and the Court has a sufficient record to review the bases for my recommendation without a further hearing.

## ANALYSIS

Presently before the Court are two matters: (1) whether to grant Defendant's motion to modify the release order under 18 U.S.C. § 3142(f); and (2) whether to revoke Defendant's conditions of release and enter a detention order under 18 U.S.C. § 3148(b). Pursuant to 18 U.S.C. § 3142(f)(2)(B), a detention "hearing may be reopened . . . if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Under 18 U.S.C. § 3148(b),

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer--
> (1) finds that there is--
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that--
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

For the reasons explained below, I recommend that the Court deny Defendant's motion to modify release order, and order that she be detained.

As discussed above, La Pasada Halfway House is no longer willing to house Defendant. I agree with Defendant that none of her violations at La Pasada were severe. However, the evidence at the September 19 hearing was sufficient to support a conclusion that she was a

5

difficult resident. For example, she was slow to respond to instructions from staff and although she generally, eventually, complied with instructions, she did so slowly. This required La Pasada staff to invest more resources in her supervision than it was willing to do. Thus, La Pasada is no longer willing to house Defendant and Defendant has not proposed any other halfway house or in-house placement.

Instead of returning her to detention, the other option that now exists is to release Defendant to a third party or on her own recognizance (as she requests). Pretrial Services does not recommend these options and, in releasing Defendant to the third-party supervision of La Pasada under conditions of zero tolerance, I infer that Judge Johnson did not find release under less-restrictive conditions to be appropriate. In fact, Judge Johnson and Judge Riggs both stressed to Defendant that her release was under conditions of zero tolerance. *See* Docs. 99, 108.

Further, I have concerns that releasing Defendant to less-restrictive third-party supervision or on her own recognizance would give her unrestricted access to computers and phones, concerns that have been raised many times in her various detention hearings. *See* Docs. 19, 108, 109. The allegations in this case involve Defendant using a computer to assume the identification of others. Further, the United States has also alleged that Defendant tried to contact a victim by phone while in custody. Doc. 49. The Court thus prohibited Defendant from using any computer or other electronic device with internet capabilities once released to La Pasada. Doc. 109. And, the Court ordered that Defendant must participate with the Probation Officer's Computer Restrictions and Monitoring Program as to other internet-capable devices to which she may have access. Doc. 109. In recommending that Defendant be allowed to possess and use a non-smart cell phone, I also previously expressed concerns about Defendant's access to the internet. Docs. 118, 119. Release to an unstructured environment would allow Defendant to more

freely access computers and smart phones that have access to the internet, which would allow her to make anonymous calls to victims. The lack of supervision outside a halfway house creates an unacceptable risk that Defendant may try to intimidate or threaten victims or witnesses in this case.

Lastly, Judge Johnson vacated the detention order partly to alleviate any Sixth Amendment access to counsel concerns cause by Defendant's detention at the Otero County Prison Facility. *See* Doc. 99. The Court thus ordered that Defendant be transferred to Cibola County Correctional Center until a bed became available at La Pasada Halfway House. Now that La Pasada is no longer available to Defendant, presumably she could be detained at a facility closer than Otero in order to alleviate any Sixth Amendment concerns that might have factored into the Court's decision to release her to La Pasada.

## RECOMMENDATION

For these reasons, I do not find that Defendant has presented any new information that warrants modification of the release order on 18 U.S.C. § 3142(f)(2)(B). I therefore recommend DENYING the Emergency Motion to Modify Release Order (Doc. 122).

Additionally, based on my findings of probable cause and clear and convincing evidence under 18 U.S.C. § 3148(b) that Defendant cannot continue to comply with the previous conditions of release (i.e., stay at La Pasada Halfway House), I recommend that she remain in custody of the U.S. Marshal Service.

_____
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**