IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Plaintiff, § § vs. § § KALANI UEHARA, § § Defendant. § | Cause No. 20-CR-1524-WJ |

### OBJECTIONS TO MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATIONS

Defendant KaLani Uehara lodges the following objections to the October 17, 2023 Report and Recommendation of United States Magistrate Judge Steven C. Yarbrough (Doc. 131).

On August 1, 2023, and after three years in continuous custody, Ms. Uehara was released to the third-party of the La Pasada Halfway House. *See* Docs. 106, 108-10. On September 17, 2023, Ms. Uehara filed an emergency motion seeking release on her own recognizance. *See* Doc. 122. At some point later that same day, United States Probation and Pre-trial Services filed a sealed petition to revoke Ms. Uehara's pre-trial release. *See* Doc. 123. Two days later, Ms. Uehara was arrested pursuant to that petition.

On September 19, 2023, United States Magistrate Judge Steven C. Yarbrough, who had previously been designated by Chief United States District Judge William P. Johnson to address the issue of Ms. Uehara's release, held a hearing on the petition for revocation of the release order. *See* Docs. 128 and 129.[1] Daryl Agnes, Director of La Pasada Halfway House, testified.

---

[1] At the September 19, 2023 hearing, and based, in part, upon the pending September 17, 2023

1

Ms. Uehara testified as well. After holding the hearing, Judge Yarbrough issued an Order revoking Ms. Uehara's release. *See* Doc. 129. Judge Yarbrough did, however, leave open the possibility of future release if suitable conditions could be found. *Id*.

On October 17, 2023, and without holding an additional hearing, United States Magistrate Judge Steven C. Yarbrough issued a Report and Recommendation (Doc. 131) wherein he recommended denying Ms. Uehara's September 17, 2023 motion.

The only reason that Ms. Uehara is currently in custody is the simple fact that La Pasada Halfway House was no longer willing to serve as third-party custodian.² La Pasada Halfway House based its unwillingness on its claim that Ms. Uehara demonstrated "accountability" issues. Seizing on Director Daryl Agnes' claims that Ms. Uehara was "difficult," Judge Yarbrough found, *inter alia*, that Ms. Uehara could not continue to abide by conditions of release. The instant objections follow.

**<u>Objections</u>**

Even accepted the testimony of Director Agnes, Judge Yarbrough specifically found that "none of [Ms. Uehara's] violations at La Pasada were severe." Doc. 131 at 5. Nevertheless, Yarbrough recommended that Ms. Uehara's conditions of release be revoked. Again, even accepting Director Agnes' allegations, Director Agnes confirmed that Ms. Uehara complied with

---

motion, Judge Yarbrough permitted more expansive testimony and argument. *See* Doc. 128 and 131.

² Ms. Uehara does not dispute that the Halfway House is no longer willing to serve as her third-party custodian. The timing of her termination is somewhat suspect, however. As mentioned above, it was not until *after* Ms. Uehara had filed her motion to leave the Halfway House that Director Agnes suddenly "got tired of dealing with [Ms. Uehara] on the 15th." Transcript at 46. This stands in stark contrast to Director Agnes' claims that Ms. Uehara engaged in "[c]ontinuous defiance of staff and following directives." Transcript at 49.

instructions of the staff.³ *Id*. at 6. There was simply no evidence presented that Ms. Uehara caused the "staff to invest more resources in her supervision than it was willing to do."⁴ *Id*. This finding is undermined by Director Agnes' testimony at the hearing. In fact, Director Agnes boasted that the Halfway House is "in the business of always giving second, third, fourth, fifth, and sixth chances." Transcript of September 19, 2023 Hearing ("Transcript") at 22. *See also* Transcript at 14 ("we give everybody an opportunity regardless of their behavior."). Nevertheless, he candidly admitted that the Halfway House does not always "act right." Transcript at 14.

Judge Yarbrough also incorrectly assumed that less restrictive conditions "would give [Ms. Uehara] unrestricted access to computers and phones[.]" This is based on the faulty assumption that Ms. Uehara did not have such access *while residing at the Halfway House*. In fact, Ms. Uehara was surrounded by numerous residents, including her roommate, who possessed such devices. And there are no allegations whatsoever that Ms. Uehara even attempted to use them. This should go a long way to assuage any concerns that the Court would have that Ms. Uehara would seek to contact any alleged victims in this case. To be sure, had she done so, the government certainly would have alleged that.⁵ Additionally, at times when Ms. Uehara was permitted to leave the Halfway House, she had unmonitored access to various communications devices. Again, Ms. Uehara made zero attempts to contact anyone.

Judge Yarbrough's stated concern that "[r]elease to an unstructured environment would

---

³ Director Agnes testified that there are verbal rules and written rules of the Halfway House. *See* Transcript at 40. But there was no testimony as to how to reconcile written and verbal rules if they were in conflict.

⁴ Much of Director Agnes' testimony relied on unreliable hearsay of unknown staff members. Notably, Director Agnes was unable to produce any disciplinary reports of Ms. Uehara.

⁵ The last allegation, made without any documentation or reliable proof, was alleged to have occurred over three years ago.

3

allow Defendant to more freely access computers and smart phones that have access to the internet, which would allow her to make anonymous calls to victims[]" is belied by Ms. Uehara's behavior while at the Halfway House.  Doc. 131 at 6.  Again, even with nearly unfettered access to communication devices, Ms. Uehara abided by her conditions of release.[6]  That said, Ms. Uehara specifically objects to Judge Yarbrough's conclusion that "[t]he lack of supervision outside a halfway house creates an unacceptable risk that Defendant may try to intimidate or threaten victims or witnesses in this case."  Since Ms. Uehara has not attempted to contact anyone, she certainly has not threatened anyone.  Simply put, if she was inclined to contact or threaten anyone, she had ample opportunity to do so.  The fact that she has not made such contact or threats supports the conclusion that she was abiding by her conditions of release and will continue to do so upon release.

Other than the simple fact that Ms. Uehara is no longer welcome at the Halfway House, there was no clear and convincing evidence that Ms. Uehara cannot continue to comply with the previous conditions of release.  In sum, Judge Yarbrough erroneously relied on the uncorroborated, conflicting, and amnesiac testimony of Director Agnes who stated he "did not know" or "did not remember" over 35 times.

---

[6] Further still, since the initial unproven allegations were made concerning contact with alleged victims, Ms. Uehara has unilaterally avoided all internet-enabled devices, even while in the jails. In fact, Ms. Uehara is so fearful of being accused of any attempts to contact anyone she does not even participate in Zoom visits with counsel on the jail's own devices.  Thus, her own self-enabled prohibition has kept her off of all internet-enabled devices for over three years.  This justifiable fear of being wrongfully accused has significantly hindered her ability to communicate with undersigned counsel.

WHEREFORE, Ms. Uehara asks that this Court sustain her objections and not adopt the Magistrate Judge's report and recommendation and for such other further relief that the Court deems just and proper.

Respectfully submitted,

/s/ *Joel R. Meyers*

Joel R. Meyers
Law Office of Joel R. Meyers
1000 Cordova Place, # 930
Santa Fe, New Mexico 87505
Phone: (505) 847-7757
Facsimile: (505) 847-5929
jrm@jrmeyerslaw.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 16th day of November 2023, I filed the foregoing electronically through the CM/ECF system, which caused Counsel for the Plaintiff to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Kimberly Brawley
Taylor F. Hartstein
Assistant United States Attorneys
United States Attorney's Office
201 Third Street NW, Suite 900
Albuquerque, NM 87103