IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

      vs.                                Criminal No. 20-1524-WJ

KALANI S. UEHARA,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S THIRD MOTION FOR CONTINUANCE

**THIS MATTER** is before the Court upon Defendant Kalani Uehara's Opposed[1] Motion to Continue Trial (**Doc. 184**). On June 24 and 26, 2024, the Court held a hearing to resolve several[2] matters—one being the instant motion. Upon review of the written pleadings, oral arguments of counsel, and the applicable law, the Court finds Defendant's motion is not well-taken and is therefore **DENIED**.

## BACKGROUND

On June 25, 2020, the United States filed a criminal complaint (**Doc. 1**), charging Defendant Kalani Uehara with violations of 18 U.S.C. §§ 875(c) and 1001(a)(1)–(3). About a month later, the Indictment was filed (**Doc. 22**). Then, on March 30, 2021, Defendant was charged by Superseding Indictment (**Doc. 56**) with: (1) two counts of Cyberstalking, in violation of 18 U.S.C. § 2261A(2); (2) two counts of making False Statements or Representations, in violation of

---

[1] Given the timing of defense counsel's filing, the United States did not file a formal response in opposition. However, in defense counsel's motion, it was noted that the United States opposed the request (**Doc. 184 at 5**). Then, at the hearing, the United States also orally opposed the requested continuance.

[2] The Court set a combined hearing (**Docs. 176–178**) to resolve Defendant's waiver of her right to a jury trial (**Doc. 173**) and Defendant's opposed motion for release (**Docs. 170, 171, 182**). After the notice of hearing was docketed on June 17, 2024, counsel filed the instant motion for a continuance on June 21, 2024.

18 U.S.C. § 1001(a)(2); (3) four counts of Fraud in Connection with Computers, in violation of 18

U.S.C. §§ 1030(a)(2), (c)(2)(B)(ii); (4) one count of Aggravated Identity Theft, in violation of 18

U.S.C. § 1028A(a)(2); (5) two counts of Malicious Threat to Injure by Fire or Explosive, in

violation of 18 U.S.C. § 844(e); and (6) four counts of Threats in Interstate Commerce, in violation

of 18 U.S.C. § 875(c).

Relevant here is the fact current defense counsel was appointed on January 19, 2023 (**Doc. 78**). Then, on February 24, 2023, trial was set for April 2023 (**Doc. 87**). Given the recent appointment of counsel (as well as "voluminous" discovery and the fact Defendant was in pretrial detention), defense counsel requested a continuance (**Doc. 89**). The Court granted the motion to continue (**Doc. 90**). A stipulated scheduling order was filed in May of 2023 (**Doc. 100**) and set trial for December 11, 2023.

Three weeks before trial, Defendant filed a second motion to continue (**Doc. 140**). Defense counsel's reasoning was, again, based upon discovery and detention. *Id.* **at 3**. The United States did not oppose this motion—and the Court once again granted the motion to continue (**Doc. 143**). Following the continuance, the Court held a status conference (**Doc. 147**). The Court and United States suggested a March 2024 date, but defense counsel requested an October date. The Court stated that October was too far out—so the United States suggested a June 2024 trial date. *Id.* A scheduling order was then entered (**Doc. 148**) setting trial on the June 2024 trailing docket.

The Court appointed co-counsel for Defendant on January 16, 2024 (**Doc. 150**).

On February 27, 2024, the Court held a scheduling conference (**Doc. 156**). At this session of court, the United States and defense counsel discussed some scheduling issues with the June 3, 2024, trial date. *Id.* The Court suggested a new trial date of July 22, 2024—which both parties agreed to. *Id.* Two days later, on February 29, 2024, the Court filed an Order resetting the trial

(**Doc. 158**). In this Order, the Court explained it "entertained defense counsel's need for a continuance due to persistent discovery issues related to the difficulty in gaining access to his client, as well as the unavailability of Government witnesses for the current trial date, and counsel having agreed that a firm trial date in July would best accommodate the needs of the parties, finds that a continuance pursuant to the relevant factors under 18 U.S.C. § 3161(h)(7)(B)(i-iv) is in the best interest of justice." *Id.* A few weeks afterward, the Court filed a stipulated scheduling order (**Doc. 162**) based upon the February scheduling conference.

With a month left before trial, on June 21, 2024, defense counsel filed a third motion to continue (**Doc. 184**). Again, defense counsel cites discovery and detention as the bases for the continuance. For the first time, however, the United States opposed the request (*Id.* **at 5**).

For the reasons that follow, the Court finds a continuance is not in the interest of justice. This case is four years old—as of June 25, 2024. The time has come for this case to proceed to trial.

## DISCUSSION

When deciding whether to grant or deny a continuance, a court should consider: "(1) the diligence of the party seeking the continuance; (2) the likelihood the continuance, if granted, would have accomplished the stated purpose; (3) the inconvenience to the opposing party, witnesses, and the court; and (4) the need for the continuance and any harm resulting from its denial." *United States v. Cervantes*, 4 F.4th 1089, 1093–94 (10th Cir. 2021); *see also United States v. Wynne*, 993 F.2d 760, 767 (10th Cir. 1993) (listing the same factors). The factors support denying the continuance.[3]

---

[3] A district court's decision to deny a continuance is reviewed for abuse of discretion. *United States v. West*, 828 F.2d 1468, 1469 (10th Cir. 1987) The Court discusses each of the factors and concludes a fourth continuance in a four-year-old case is not necessary. This decision was not reached arbitrarily or unreasonably, but instead upon a balancing of the factors listed *infra* ¶¶ I–IV.

**I. Defendant Has Not Acted Diligently**

At the outset, the Court must consider if Defendant diligently sought the continuance. She did not. This case has been scheduled for a July trial since February—and was docketed to accommodate the parties (**Docs. 156 & 158**). Now, however, defense counsel seeks a third (technically fourth) continuance in this case to allow Defendant to review the United States' entire casefile. This request is not well taken.

Current counsel has represented Defendant for nearly eighteen months. And counsel have been in the possession of the United States' evidence months[4] (if not years). According to the United States, Defendant provided complete discovery by the April 2024 deadline (**Doc. 162**).

At the hearing, the Court questioned counsel about what "discovery" is at issue. Apparently, it is not Rule 16 discovery that is material to preparing the defense or evidence the United States intends to use[5] in its case-in-chief. Fed. R. Crim. P. 16(a)(1)(E). It is also not evidence obtained from the Defendant. *Id.* Instead, the issue revolves around post-redaction[6] discovery that defense counsel wants Defendant to fully review for herself. Since September 2023, the Court has issued several Orders (**Docs. 160 & 167**) to make Defendant's access to a laptop and discovery easier—but no other issues were raised until a month before trial.

The fact the United States provided extra discovery[7] and early Jencks material that Defendant would like to review herself is an insufficient ground for a continuance. *See United*

---

[4] The United States proffered that Defendant's laptop was "imaged" twice—one during a consent search and one pursuant to a search warrant. The defense requested this laptop imaging in January 2024 and was provided the evidence in April 2024. Likewise, the "345 Bates-Stamped pages" (**Doc. 184 at 3**) provided on April 22, 2024, complied with the scheduling order's deadline (**Doc. 162 at 1**).

[5] To the extent some of the "jail calls" may be used in the United States' case—counsel agreed this evidence has been received. Furthermore, at the hearing on June 24, 2024, defense counsel stated the reason for the continuance "is not about jail calls."

[6] An unopposed Protective Order (**Doc. 24**) was requested by the United States and approved by the Court (**Doc. 26**). An Amended Nondisclosure Order (**Docs. 112 & 113**) was effectuated back in August 2023 to allow for Defendant to possess discovery that had personal identifying information redacted. *See* **Doc. 113 at 2**.

[7] In defense's motion, counsel lists the following discovery as being recently disclosed: (1) 345 Bates-Stamped pages, (2) eight video clips, and (3) hundreds of jail calls. *See* **Doc. 184 at 3–4**. The first disclosure complied with the

*States v. Pursley*, 577 F.3d 1204, 1228 (10th Cir. 2009) (explaining diligence must be demonstrated by a timely request and a logical need for the continuance). In fact, the Court has been unable to find a case where a Defendant has the right to unfettered[8] access to all discovery. *See United States v. Agurs*, 427 U.S. 97, 109–11 (1976) (explaining a Defendant's right to discovery does not require the prosecutor to deliver its entire casefile); *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case."); *see also United States v. Ingram*, No. 19-cr-113, 2021 U.S. Dist. LEXIS 171819, at \*11 (N.D. Fla. Sept. 10, 2021) (noting Defendants are entitled to "rather limited discovery" and need not "see every item of discovery material available").

This factor supports the denial of the continuance.

## II. Delay Will Not Accomplish Any Stated Purpose

Defense counsel explain they need more time to review all the discovery with Defendant. Although more time to read and review is always helpful, it is not necessary. Current defense counsel has represented Defendant for nearly eighteen months—and has had plenty of time for trial preparation. *See United States v. Aguilera-Meza*, 329 F. App'x 825, 831 (10th Cir. 2009)

---

Scheduling Order (**Doc. 162**). The video clips were disclosed (**Doc. 172**) in response to defense counsel's motion for release from custody (**Doc. 170**).

That leaves the jail calls. But the "late" disclosure of jail calls is not a valid basis for a continuance. In fact, as mentioned above (*see supra* n.5), defense counsel admitted the continuance is not based on the jail calls. *See United States v. Herrera*, 51 F.4th 1226, 1278 (10th Cir. 2022) (finding it was not error for the district court to deny a continuance when the "recently disclosed evidence" which "occupied much of the late disclosures").

[8] *See, e.g., United States v. Bagley*, 473 U.S. 667, 675 (1985) ("[T]he prosecutor is not required to deliver his entire file to defense counsel."); *United States v. Lucas*, 841 F.3d 796, 808 (9th Cir. 2016) ("*Brady* does not establish a duty to provide defense counsel with unlimited discovery of everything known by the prosecutor." (cleaned up)); *United States v. Villanueva-Naranjo*, 276 F. App'x 955, 959 (11th Cir. 2008) (unpublished) ("The Federal Rules of Criminal Procedure, however, do not provide an unlimited right to discovery of all evidence related to a defendant's case."); *United States v. Williams*, No. 93-cr-40001, 1993 U.S. Dist. LEXIS 9973, at \*43 (D. Kan. June 16, 1993) (rejecting the notion that "a defendant has the right to conduct his or her own search of the government's files."); *United States v. Torres*, No. 20-cr-418, 2020 U.S. Dist. LEXIS 139397, at \*12 (D.N.J. Aug. 4, 2020) (explaining a Defendant does not have "unfettered access to and unlimited use of discovery materials"); *United States v. Thompson*, No. 10-cr-200, 2013 U.S. Dist. LEXIS 60427, at \*20 (D.Me. Apr. 29, 2013) (noting no cases hold "a defendant represented by a lawyer must personally see all the discovery that the government discloses to defense counsel or even the discovery that he asked to see.").

(unpublished) ("Here, the district court had granted several motions for continuance . . . [and] by the time the case was finally tried, Aguilera-Meza's counsel had worked on the case for over one year and presumably understood the issues.").

If the "stated purpose" of the continuance is to allow Defendant to review all the discovery herself—the Court is not confident[9] that a continuance accomplish this purpose. If four years has not been sufficient, what good is another sixty or ninety days? If eighteen months with current counsel isn't enough time to prepare, what will be? This factor is, at best, a toss-up (although it skews towards denial).

### III. Inconvenience to Opposing Party, Witnesses, and the Court

"Any continuance granted practically on the eve of trial inevitably will disrupt the schedules of the court, the opposing party, and the witnesses." *Cervantes*, 4 F.4th at 1094 (quoting *United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990)). This sentiment rings true here. For the third time in eighteen months, defense counsel filed a motion to continue within a month of the trial setting.

As explained at the hearing, granting yet another continuance would inconvenience the United States, witnesses, and victims. The Court also has a busy docket of jury trials set from July through October. *See Cervantes*, 4 F.4th at 1094 (finding that the district court's full calendar weighed against the continuance); *United States v. Flanders*, 491 F.3d 1197, 1216 (10th Cir. 2007) (explaining a district court has "wide latitude" when balancing continuances against the "demands of [the court's] calendar"). Given the scheduling constraints (not only of this Court, but of two defense counsel and three Assistant U.S. Attorneys plus numerous witnesses), Defendant's request

---

[9] At the hearing on June 24, 2024, the United States explained that Defendant has malingered when her attorneys visited her for trial preparation. *See* **Doc. 171 at 9–14**. To the extent Defendant has been "completely useless in terms of trial preparation," **Doc. 170 at 7; Doc. 171 at 9**, this is—at least in part—of her own doing. A continuance cannot accomplish the purpose of reviewing discovery and preparing for trial if Defendant is unable or unwilling to do so.

for a continuance of unspecified length may very well mean a 2025 trial. *See United States v. McClaflin*, 939 F.3d 1113, 1118 (10th Cir. 2019) (finding the inconvenience to witnesses, victims, and the trial court were all appropriate considerations).

It also weighs on this Court's mind that the Crime Victims' Rights Act states victims have "the right to proceedings free from unreasonable delay." 18 U.S.C. § 3771(a)(7). Again, this case is four[10] years old—and the alleged victims have a statutory right to proceedings free from unreasonable delay. As the United States pointed out at the hearing, continuances also affect their rights.

This factor weighs against granting the continuance.

## IV. Denying the Continuance Does Not Harm Defendant

Again, the stated purpose of the continuance is to provide Defendant and her counsel with more than eighteen months (or more than four years in total) to review discovery and prepare for trial. But granting yet another continuance causes the Court concern under the Speedy Trial Act. As mentioned previously, rescheduling this case for trial will be a daunting task. And although congestion of the Court's docket is a consideration for continuances—it is not a valid basis to override the Speedy Trial Act. *See Herrera*, 51 F.4th at 1280 (noting the tension between continuances and speedy trial and finding the "district court acted reasonably in declining to grant a fourth continuance").

During the hearing, defense counsel did not articulate any specific hardship that would result from denying the continuance. Rather, counsel simply stated platitudes about needing more

---

[10] This case was filed back in June of 2020 (during the pandemic), so some of this delay is attributable to the logistical issues associated with the COVID-19 pandemic. Likewise, the time it took for Defendant's competency evaluation was based, in part, on the pandemic—but was also lengthened because she refused to participate (**Docs. 58, 59, 61, 81**). Finally, to the extent Defendant has had multiple defense counsel, it is unsurprising that the process of firing and hiring multiple attorneys also accounts for the time.

time to prepare for trial. This is insufficient. *See, e.g., Rivera*, 900 F.2d at 1476 (finding Defendant

failed to demonstrate material prejudice from the denial of the continuance); *United States v.*

*Barnes*, 620 F. App'x 668, 671 (10th Cir. 2015) (unpublished) (finding the Defendant "provided

the Court with zero compelling reasons" to support a continuance); *United States v. Schurrer*, 1998

U.S. App. LEXIS 21009, at *16 (10th Cir. Aug. 26, 1998) (unpublished) (finding a fourth

continuance unnecessary to allow Defendant more time to search for documents); *cf. Cervantes*, 4

F.4th at 1095 (noting that a recess at the close of the Government's case was a sufficient

accommodation to avoid any prejudice to Defendant).

All this to say, the Court agrees with the United States—Defendant suffers no specific,

material, or cognizable harm from denying a continuance to allow her to personally review more

discovery. *Compare McClaflin*, 939 F.3d at 1118 (finding no error in denying a continuance to

allow for the accumulation of additional mitigating evidence), *with West*, 828 F.2d at 1471

(holding a district court abused its discretion in denying a continuance because it precluded

Defendant from calling "the only eyewitness who might have presented direct exculpatory

testimony").

Finally, the Court notes the United States may, in fact, suffer prejudice. To convey this

point, the Court restates part of a prior ruling:

> As always, the United States bears the burden of proof. And the Court is cognizant
> of the fact that a criminal trial is not a fine wine—it does not get better with age.
> Thus, the United States may suffer prejudice from this delay—as "witnesses may
> become unavailable or their memories may fade." *United States v. Muhtorov*, 20
> F.4th 558, 650 (10th Cir. 2021) (citing *Barker*, 407 U.S. at 521); *see also United*
> *States v. Hunter*, 9 F. App'x 857, 861 (10th Cir. 2001) (unpublished) (noting that
> the United States' case becomes weaker with the passage of time). Put simply,
> [continuing Defendant's case yet again] may also prejudice the United States.

*United States v. Baca*, __F. Supp. 3d __, 2024 U.S. Dist. LEXIS 96530, at *26–27 (D.N.M. 2024)

(modified). If the "sole explanation" for a continuance is that Defendant needs "additional time to

prepare for trial," that is an inadequate basis for a continuance. *United States v. Toombs*, 574 F.3d 1262, 1272 (10th Cir. 2009).

## CONCLUSION

Denying Defendant's third request for a continuance does not deprive her of "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Additionally, Defendant's need for a continuance does not serve the ends of justice. 18 U.S.C. § 3161(h)(7)(A).

On balance, the *West* factors (also known as the *Rivera* or *Wynne* factors)[11] support denial.

**IT IS THEREFORE ORDERED** that Defendant's Opposed Motion to Continue Trial (**Doc. 184**) is **DENIED**. All deadlines and dates remain in place.[12]

/s/

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[11] One of the first Tenth Circuit cases to cite the four-factor test was *West*, 828 F.2d at 1470. For a few years, these factors were called the *West* factors. Then, in the 1990s, they became known as either the *Rivera*, 900 F.2d at 1475, or *Wynne*, 993 F.2d at 767, factors.

[12] At the hearing on June 24th, the Court approved the agreement of the parties to extend the 6/24/2024 deadlines to 6/28/2024. (**Doc. 188**).