IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                            Criminal No. 20-1524-WJ

KALANI S. UEHARA,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENSE COUNSELS' MOTIONS TO WITHDRAW

**THIS MATTER** comes before the Court following defense counsels' Motions to Withdraw (**Docs. 213 & 214**). In their respective Motions, both defense counsel explain there has been "a complete breakdown of meaningful communication between client and attorney which has resulted in an irreconcilable conflict." *Id.* After considering the parties' positions[1] and applicable law, the Court finds that the Motions are well-taken and, therefore, must be **GRANTED**.

### BACKGROUND

This case began on June 25, 2020, when the United States filed a criminal complaint (**Doc. 1**), charging Defendant Kalani Uehara with violations of 18 U.S.C. §§ 875(c) and 1001(a)(1)–(3). About a month later, Defendant Uehara was formally Indicted (**Doc. 22**). Around this time, the case was also designated complex (**Docs. 27 & 34**). Then, in March 2021, Defendant Uehara was charged by Superseding Indictment (**Doc. 56**) with: (1) two counts of Cyberstalking, in violation of 18 U.S.C. § 2261A(2); (2) two counts of making False Statements or Representations, in

---

[1] A formal hearing on a motion to withdraw or substitute counsel is not required. *See United States v. Lott*, 310 F.3d 1231, 1249 n.15 (10th Cir. 2002); *United States v. Maxton*, 666 F. App'x 755, 758 (10th Cir. 2016) (unpublished).

violation of 18 U.S.C. § 1001(a)(2); (3) four counts of Fraud in Connection with Computers, in violation of 18 U.S.C. §§ 1030(a)(2), (c)(2)(B)(ii); (4) one count of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(2); (5) two counts of Malicious Threat to Injure by Fire or Explosive, in violation of 18 U.S.C. § 844(e); and (6) four counts of Threats in Interstate Commerce, in violation of 18 U.S.C. § 875(c).

Over the years, numerous motions to revoke or amend pretrial detention were litigated (**Docs. 5, 19, 29, 39, 88, 101, 106, 110, 111, 119, 122, 123, 129, 139, 170**). Several motions to continue were also filed (**Docs. 89, 140, 156, 184**). Originally, trial was docketed to begin in April 2023, but this was continued to December 2023, and then to June 2024, before a firm setting in July 2024 was established.

Over time, three of Defendant Uehara's prior defense counsel (**Docs. 6, 12, 72–73**) filed motions to withdraw (**Docs. 10, 65, 76**). These requests were granted (**Docs. 20, 72, 77**).

In June 2024, approximately a month before trial, Defendant Uehara waived her right to a jury trial (**Docs. 173, 186, 188**).[2] Shortly thereafter, she entered into a plea agreement (**Doc. 211**) which was accepted on July 10, 2024 (**Doc. 212**).

Now, prior to sentencing, both of Defendant Uehara's current defense counsel seek permission to withdraw (**Docs. 213 & 214**).

## DISCUSSION

The Court finds good cause exists to substitute both trial defense counsel. Defense counsel explained that Defendant Uehara will not communicate with them. *See* **Doc. 213 at 3** ("Ms. Uehara

---

[2] At the hearing on Defendant Uehara's waiver, the Court asked questions of Defendant, defense counsel, and the United States in accordance with the Judges' Benchbook. *See* Federal Judicial Center, Benchbook for U.S. District Court Judges 33–35 (6th ed. 2013). This waiver colloquy was also guided by Fed. R. Crim. P. 23(a) and the relevant Tenth Circuit case law—to ensure that Defendant knowingly and intelligently waived her right to a jury trial. *See, e.g., United States v. Olson*, 1991 U.S. App. LEXIS 24955, at *5 (10th Cir. Oct. 15, 1991) (unpublished); *United States v. Robertson*, 45 F.3d 1423, 1432 (10th Cir. 1995); *United States v. DeShazar*, 554 F.3d 1281, 1288–89 (10th Cir. 2009).

has not only consented to the filing of this motion, but has urged undersigned counsel to do so."); **Doc. 214 at 3** ("On July 29, 2024, Ms. Uehara unambiguously directed undersigned counsel withdraw from representation.").

Based on the filings by counsel, the Court concludes there is sufficient evidence of "a severe and pervasive conflict with [her] attorney," and "evidence that [s]he had such minimal contact with the attorney that meaningful communication was not possible." *United States v. Lott*, 310 F.3d 1231, 1249 (10th Cir. 2002). On the whole, the *Romero* factors support substituting counsel. *See Romero v. Furlong*, 215 F.3d 1107, 1113 (10th Cir. 2000).

First, the request is timely. The next stage in this case is sentencing. At the time counsel filed their motions, the Pre-Sentence Report ("PSR") was not filed.[3] Nor has a sentencing date been docketed. Thus, the Court concludes the motions are timely. *See Lott*, 433 F.3d at 725; *United States v. Rodriguez*, 2024 U.S. App. LEXIS 8365, at *5 (10th Cir. Apr. 8, 2024) (unpublished).

The second *Romero* factor looks at whether the district court adequately inquired into the matter. Here, defense counsel explained their positions in their respective Motions. Each Motion also contained Defendant Uehara's position—*viz.* that current counsel withdraw. As it stands, there is nothing in the record to support denying the Motions (as neither the United States[4] nor defense counsel nor Defendant Uehara have expressed anything but a desire for new counsel).

Given where this case is, the Court highlights that Fed. R. Crim. P. 32 requires that a criminal Defendant review, discuss, and understand her PSR. *See United States v. Goode*, 483 F.3d 676, 682 (10th Cir. 2007) (explaining Rule 32 requires a district court to "verify that the defendant and the defendant's attorney have read and discussed the presentence report"). Here, defense

---

[3] At the time the Court drafted this Memorandum Opinion and Order, the PSR still hasn't been filed. The Motions are, therefore, certainly timely.

[4] Technically the United States took no position on the Motions. But this is splitting hairs.

counsel explained that Defendant Uehara will not communicate with them. And, based on this, neither counsel feel as though they can effectively represent her any longer. Given that the "the essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant," *Wheat v. United States*, 486 U.S. 153, 159 (1988), the Court finds withdrawal is necessary to protect Defendant Uehara's rights (and to protect the ethical obligations of counsel). If the Court denied the Motions, the Court imagines that Defendant Uehara either: (1) won't meet with counsel, or (2) won't review her PSR with counsel. Either way, inaction by this Court would be to the detriment of all parties involved.

The third *Romero* factor looks at whether a total lack of communication exists. Based on the pleadings, the Court concludes this is not simply a strategic disagreement—this is an outright stonewalling. *See United States v. Holloway*, 939 F.3d 1088, 1099 (10th Cir. 2019) ("Conflict that results in a total breakdown of communication exists where the defendant and counsel ***could not, in any manner, communicate***." (emphasis added)).[5] Defense counsel explained they are unable to discuss anything related to this case with Defendant Uehara. Such a breakdown necessarily precludes the mounting of an adequate defense. *Romero*, 215 F.3d at 1113. Thus, this third factor weighs in favor of withdrawal.

Finally, the Court must determine if Defendant Uehara "substantially and unjustifiably contributed to the breakdown in communication." *Romero*, 215 F.3d at 1113. There is no doubt that Defendant Uehara has contributed to the strained relationship with counsel. This lone factor weighs against substituting counsel.

On balance, after taking all four *Romero* factors into account, the Court concludes good cause exists to support substituting counsel.

---

[5] A total breakdown can also exist where the Defendant and counsel are embroiled in a "stormy relationship with quarrels, bad language, threats, and counter-threats." *Holloway*, 939 F.3d at 1099 (cleaned up).

* * * * *

**IT IS THEREFORE ORDERED** that both Motions to Withdraw (**Docs. 213 & 214**) are **GRANTED**.

**IT IS FURTHER ORDERED** that new counsel from the Criminal Justice Act ("CJA") panel shall be appointed to represent Defendant Uehara.

/s/

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE