IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                              Criminal No. 20-1524-WJ

KALANI S. UEHARA,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO CONTINUE SENTENCING

**THIS MATTER** comes before the Court following Defendant's Motion to Continue Sentencing (**Doc. 227**). After reviewing the pleading and applicable law, the Court finds that the Motion is not well-taken. The requested continuance is **DENIED**, and sentencing will take place as scheduled.

### BACKGROUND

The parties (and the Court) are familiar with the facts and procedural history of this case. Accordingly, this summary only details the last two months—*i.e.*, the period since Defendant pleaded guilty (**Docs. 211 & 212**).

On July 10, 2024, the parties entered into a Rule 11(c)(1)(C) plea agreement for a specific sentence of time-served plus one day (**Doc. 211 at ¶ 13**). The Court[1] held a change of plea hearing (**Docs. 209 & 210**). As always, a Rule 11 plea colloquy took place. *See* **Doc. 233 (Plea Hrg. Tr.)**. During the hearing, Defendant was advised of: (A) the government's right to use any false

---

[1] United States District Judge Kea W. Riggs presided over the change of plea hearing because the undersigned was unavailable.

statements in a prosecution[2] for perjury, (B) the right[3] to plead not guilty, (C) the right to a jury[4] trial, (D) the right to be represented[5] by counsel, (E) the right to confront and cross-examine[6] witnesses, (F) the waiver[7] of the aforementioned trial rights if the guilty plea was accepted, (G) the nature[8] of each charge, (H) any maximum[9] penalties, (I) any mandatory minimum penalty, (J) any applicable[10] forfeiture, (K) the Court's authority to order[11] restitution, (L) the Court's obligation to impose a special assessment[12] fee, (M) the Court's obligation to calculate the applicable sentencing range[13] under the Sentencing Guidelines, (N) the terms of any plea agreement provision waiving appellate[14] rights, and (O) the immigration[15] consequences associated with a conviction. *See* Fed. R. Crim. P. 11(b)(1)(A)–(O). When the Court asked Defendant, "How do you plead?" she responded with "Guilty" each time. **Plea Hrg. Tr. at 21:24–22:10**. She stated that her plea of guilty was given "freely and voluntarily," was free of coercion, and was not induced by any other promises. *Id.* **at 22:11–20**.

There is no doubt that Defendant was advised of her constitutional rights, understood the nature of the charges, understood the possible penalties, and understood the consequences of her plea. Accordingly, the Court found Defendant was "competent and capable of entering an informed plea," that she was "aware of the nature of the charges [as well as] the consequences of [her] plea,"

---

[2] **Plea Hrg. Tr. at 4:9–19**.
[3] **Plea Hrg. Tr. at 7:6–8:20 & 15:21–16:5**.
[4] **Plea Hrg. Tr. at 7:6–8:20**; *see also* **Docs. 173 & 186**.
[5] **Plea Hrg. Tr. at 7:6–8:20**.
[6] **Plea Hrg. Tr. at 7:6–8:20**.
[7] **Plea Hrg. Tr. at 7:6–8:20**.
[8] **Plea Hrg. Tr. at 6:21–7:5, 9:8–12:19, 19:16–21:17**.
[9] **Plea Hrg. Tr. at 13:8–14:4**.
[10] **Plea Hrg. Tr. at 13:11–18**.
[11] **Plea Hrg. Tr. at 13:11–18**.
[12] **Plea Hrg. Tr. at 13:11–18**.
[13] **Plea Hrg. Tr. at 16:11–17**.
[14] **Plea Hrg. Tr. at 18:1–8**.
[15] **Plea Hrg. Tr. at 8:21–9:7**.

and that her plea was "made knowingly and voluntarily and supported by sufficient facts." **Plea Hrg. Tr. at 23:5–9**. Thus, the Court accepted the guilty plea and the plea agreement. *Id.* at 23:5–9 & 29:13–16.

Now, two months later, Defendant is having second thoughts and wants to continue her sentencing so that she can consider withdrawing from her plea agreement. *See* **Doc. 227 at ¶ 2–3** (noting "Ms. Uehara has made inquiries as to a motion to withdraw her plea" and "need[s] additional time to continue these discussions"). But, as explained below, Defendant misapprehends the need for a continuance.

For the reasons that follow, Defendant's requested continuance—to mull over whether she wants to file a motion to withdraw from her guilty plea (and the plea agreement)—is **DENIED**.

## DISCUSSION

### I. A Continuance is Unnecessary

When deciding whether to grant or deny a continuance, a court should consider: "(1) the diligence of the party seeking the continuance; (2) the likelihood the continuance, if granted, would have accomplished the stated purpose; (3) the inconvenience to the opposing party, witnesses, and the court; and (4) the need for the continuance and any harm resulting from its denial." *United States v. Cervantes*, 4 F.4th 1089, 1093–94 (10th Cir. 2021); *see also United States v. Wynne*, 993 F.2d 760, 767 (10th Cir. 1993) (listing the same factors). Each of these factors support denying the continuance.

Here, Defendant has not acted diligently. Defendant pleaded guilty two months ago—and this sentencing has been docketed for a month. To grant a continuance, there must be a timely request based on a logical need. *See United States v. Pursley*, 577 F.3d 1204, 1228 (10th Cir. 2009). Here, there is neither timeliness nor need. This factor supports denying Defendant's request.

3

Defendant apparently needs "additional time" to continue discussing "a motion to withdraw her plea." **Doc. 227**. This argument is not well-taken. If the continuance were granted, it would not accomplish the stated purpose. *Cervantes*, 4 F.4th at 1093–94; *see infra* ¶ II.

"Any continuance granted practically on the eve of trial inevitably will disrupt the schedules of the court, the opposing party, and the witnesses." *Cervantes*, 4 F.4th at 1094 (quoting *United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990)). This sentiment rings true here. Granting the continuance would inconvenience the United States, the witnesses, the victims, and the Court. *See infra* ¶ II. This factor weighs against granting the continuance.

Fourth, and finally, denying the continuance does not harm Defendant. The plea agreement mandates a time-served plus one day sentence. **Doc. 211 at 7–8**. If sentencing takes place as scheduled on September 11, 2024, then Defendant will be released on or about September 12th. If the motion to continue is granted, she will obviously spend more time in custody. Disallowing Defendant to spend more time in custody to file a meritless motion is actually in her interests—not to her detriment.

\* \* \*

Back in June, Defendant knowingly, voluntarily, and intelligently waived her right to a jury trial (**Docs. 173 & 186**). Then, in July, her plea of guilty was also made knowingly, voluntarily, and intelligently. *See infra* ¶ II. Now, armed with her sixth different attorney, Defendant wants more time to contemplate undoing her guilty plea. Defendant is playing games. And the Court will not placate Defendant's desire to avoid sentencing.

## II. Futility of a Motion to Withdraw

The second and fourth continuance factors are linked to the futility of the would-be motion to withdraw from her guilty plea. *See supra* ¶ I. For starters, Defendant's guilty plea was

4

accepted—this means Rule 11(d)(2) is controlling. In order to withdraw, she must present a "fair and just" reason. There are seven factors that guide a district court's decision when analyzing a motion to withdraw (or here, a would-be motion to withdraw). *See, e.g., United States v. Black*, 201 F.3d 1296, 1299–1300 (10th Cir. 2000); *United States v. Yazzie*, 407 F.3d 1139, 1142 (10th Cir. 2005) (en banc). Those factors are:

> (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether [he] delayed in filing his motion, and if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to [him]; (6) whether [his] plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources.

*United States v. Dominguez*, 998 F.3d 1094, 1103 (10th Cir. 2021). Here, Defendant was competently represented by counsel. *See* **Plea Hrg. Tr. at 19:10–12** (Q: "Are you satisfied with your attorney's advice and representation in this matter?" A: "Yes."). She also entered her plea knowingly and voluntarily. **Plea Hrg. Tr. at 22:11–23:9**. The other weighty withdrawal factor is a Defendant's assertion of innocence. *United States v. Marceleno*, 819 F.3d 1267, 1273 (10th Cir. 2016). But Defendant cannot credibly assert her legal innocence at this late juncture. *See* **Plea Hrg. Tr. at 21:7–11** (admitting under oath that the United States could prove the elements of the offense at trial); *see also* **Doc. 211 at ¶ 11** (acknowledging that Defendant pleaded guilty because she is guilty).[16]

      Here, granting a continuance would be futile. If provided a weeks (or months) long continuance, Defendant could still not present a fair and just reason permitting withdrawal of her guilty plea. Given the above analysis, the Court would be well within its discretion to deny any

---

[16] At the change-of-plea hearing, the United States outlined its evidence against Defendant—and she represented to the court that the United States could prove the case. Thus, any eleventh-hour assertion of innocence by Defendant would run directly contrary to her sworn statements made during the hearing.

such motion to withdraw. *See United States v. Sanchez-Leon*, 764 F.3d 1248, 1258 (10th Cir. 2014) ("If the defendant fails to carry his or her burden on asserted innocence, validity of the plea (whether it was given knowingly and voluntarily), and ineffective assistance of counsel . . . the court need not address 'the remaining factors.'" (cleaned up)).[17]

Guilty pleas should not be set aside lightly. Even though the "fair and just" standard is a liberal one, it does not create an automatic right to withdraw. *United States v. Siedlik*, 231 F.3d 744, 748 (10th Cir. 2000). Regret does not merit granting a motion to continue so that a Defendant can continue stewing over a potential motion to withdraw a guilty plea. *See Dominguez*, 998 F.3d at 1117 (withdrawing "to strike a better deal" is disallowed); *see also United States v. Foy*, 617 F.3d 1029, 1035 (8th Cir. 2010) (rejecting argument that withdrawal is appropriate "because [defendant] regretting pleading without a plea agreement").

\* \* \*

This is not the first time a criminal defendant has attempted to continue a case on the eve of sentencing to try and withdraw from a guilty plea. Accordingly, this Court is not alone in jointly assessing a motion to continue premised upon a future motion to withdraw. *See, e.g., United States v. Marant*, 356 F. App'x 502 (2d Cir. 2009) (unpublished); *United States v. Hannibal*, 663 F. App'x 206 (3d Cir. 2016) (unpublished); *United States v. Meza-Bedoya*, 83 F. App'x 582 (5th Cir. 2003) (unpublished); *United States v. Ellens*, 43 F. App'x 746 (6th Cir. 2002) (unpublished);

---

[17] The other four withdrawal factors also weigh heavily against granting any such motion. First, the United States would be prejudiced. Permitting Defendant to continue sentencing to file a motion to withdraw would require "the government to prepare and try anew a case it had substantially completed." *United States v. Graham*, 466 F.3d 1234, 1238 (10th Cir. 2006). Second, Defendant waited two months after pleading guilty—and one month after the sentencing was docketed—to file this motion to continue. *See Graham*, 466 F.3d at 1238 (characterizing a two-month delay as "lengthy"). Third, the Court would be inconvenienced. This trial was docketed for two weeks. *See United States v. Gauger*, 534 F. App'x 758, 761 (10th Cir. 2013) (unpublished) (stating that even a two-day trial is inconvenient). And fourth, this would be a waste of judicial resources. *See United States v. Hamilton*, 510 F.3d 1209, 1217 n.4 (10th Cir. 2007) ("A plea withdrawal inevitably results in some . . . waste of judicial resources.").

*United States v. Rinaldi*, 461 F.3d 922 (7th Cir. 2006); *United States v. Flynn*, 969 F.3d 873 (8th Cir. 2020); *United States v. Luczak*, 370 F. App'x 3 (11th Cir. 2010) (unpublished). Unsurprisingly, these courts of appeals' cases make clear that this Court is well within its right to deny a motion to continue filed two days before sentencing that is premised upon a motion to withdraw.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Continue Sentencing (**Doc. 227**) is **DENIED**. Sentencing will take place as scheduled.

/s/
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE