# UNITED STATES DISTRICT COURT DISTRICT OF NEW MEXICO
# EVIDENTIARY VIOLATION OF SUPERVISION PROCEEDINGS MINUTE SHEET

| | | Time In/Out: | 10:06am – 11:16am – 11:32am – 12:00pm – 1:57pm – 2:58pm 3:02pm – 3:06pm 4:26pm – 5:53pm | Court Time: | **4 hours and 10 minutes** | |
|---|---|---|---|---|---|---|
| | | Date: | **12/12/2025** | | | |
| | Cr. No. | 20-1524 WJ | USA v. | KaLani Uehara | | |
| | The Honorable Senior Judge | | **William P. Johnson** | | | |

| Clerk/Law Clerk: | **Richard Garcia** | Court Reporter: | **Robin Brazil** |
|---|---|---|---|
| Defendant: | **Present** | Defendant's Counsel: | **M. Naomi Salazar** |
| AUSA: | **Kimberly Brawley/ Eva Fontanez/Jaymie Roybal** | Probation Officer: | **Kelly Coppin** |
| VSR Held: | **Albuquerque, NM** | Interpreter: | **N/A** |

## ADMISSION OR DENIAL OF PETITION'S ALLEGATIONS

Court questions Defendant regarding voluntary nature of admission.
Court finds Defendant competent to proceed.
Court advises Defendant of his/her rights.
Court advises / confirms Defendant is aware of charges and possible penalty:
Defendant admits violation(s):
Proceed to sentencing.
Violation Report WAIVED / NOT WAIVED
**Other: The Court continues the evidentiary hearing of 12/3/25 re the alleged violations that the Defendant failed to work full time (30 hours); failed to follow the instructions of the probation officer; failed to participate in a mental health treatment program. The Court finds, by a preponderance of evidenced, that the Defendant has violated her conditions of supervision by failing to work full time (30 hours) or attend school, failed to follow the instructions of the probation officer, and failed to participate in a mental health treatment program.**

## SENTENCE IMPOSED

| Supervision imposed: | | Imprisonment: | 18 months | Supervised Release: | Another term of supervised release will not be imposed. |
|---|---|---|---|---|---|

## SPECIAL CONDITIONS

| | |
|---|---|

## OTHER

| X | **ADVISED OF** Appeal Rights |
|---|---|
| X | **HELD IN CUSTODY** |
| X | **RECOMMENDATIONS TO BOP:** The Court recommends BOP evaluate the Defendant for placement at a medical facility. If Defendant is not designated to a medical facility, the Court recommends a BOP facility outside New Mexico and closest to her family in California. The Court recommends the Defendant be provided any educational/vocational programing available in BOP. In its packet to BOP, the Court directs Probation to forward any information re Defendant's cyber convictions so BOP can determine what computer/internet access and monitoring is appropriate. |
| | The Court reconvenes to continue the 12/3/25 evidentiary hearing and cross examination of witnesses. |

| NOTES: | California PO Anuja Joshi recalled for testimony by way of Zoom; witness continues to be under oath; cross examination by Ms. Salazar.
Objection by Ms. Brawley re relevance; Ms. Salazar responds; Court will allow the question but notes the Government is not proceeding on that issue and notes the Court will not be considering it.
Ms. Salazar continues cross examination.
Objection by Ms. Brawley re relevance; Ms. Salazar responds; Court will allow some questioning, but directs Ms. Salazar not to spend too much time on it.
Ms. Salazar continues cross examination.
Redirect by Ms. Brawley.
Ms. Salazar objects – mischaracterization of evidence; Ms. Brawley rephrases the question.
Ms. Brawley continues redirect examination.
Objection by Ms. Salazar re relevance; overruled by the Court.
The Court questions the witness.
Witness excused.
PO Kelly Coppin retakes the witness stand for cross examination by Ms. Salazar; witness continues to be under oath.
Cross examination by Ms. Salazar.
Objection by Ms. Brawley noting ID has been covered; Court overrules objection.
Ms. Salazar continue cross exam.
Objection by Ms. Brawley re relevance; Ms. Salazar responds; Court overrules objection.
Ms. Salazar continue cross examination.
Redirect by Ms. Brawley.
Recross by Ms. Salazar.
The Court questions the witness.
Witness excused.
Ms. Brawley rests.
Ms. Salazar argues for a directed verdict; Court denies directed verdict.
Ms. Salazar would call one witness.
The Court takes a break to get witness on Zoom.
Court back in session.
Ms. Salazar calls Savannah Wadsworth as a witness to testify by way of Zoom; witness sworn.
Direct by Ms. Salazar.
Objection by Ms. Brawley noting witness is not qualified to answer the question; Ms. Salazar responds.
Ms. Salazar continues direct.
Ms. Brawley objects re relevance; Court overrules objection.
Ms. Salazar continues direct.
Cross examination by Ms. Brawley.
Ms. Salazar objects noting the witness is not an expert and asks that the questions and response be stricken; Court considers the question and the answer background information.
Ms. Brawley continues cross exam.
Objection by Ms. Salazar again, noting the witness is not an expert; the Court notes the question is a fact question and will allow.
Ms. Brawley continues cross examination.
Objection by Ms. Salazar re relevance; Court directs Ms. Brawley to rephrase the question.
Ms. Brawley continues cross examination.
Objection by Ms. Salazar as beyond scope of direct; Court overrules.
Ms. Brawley continues cross examination.
The Court questions the witness.
Witness excused.
The Court breaks for lunch.
Court back in session.
Ms. Salazar advises that her client wishes to testify over her objections.
Direct by Ms. Salazar.
Objection by Ms. Brawley noting the narrative answers by the witness; Court sustains objection.
Ms. Salazar continues direct examination.
Cross examination by Ms. Brawley; witness referred to Government Exhibit 1 (email between Defendant and admission to LA Community College); Court takes judicial notice of Doc. 243 of the Court record; witness referred to Exhibit 3 (email chain between PO Joshi and witness); witness referred to Exhibit 2 (Doc. 231 signed conditions); witness referred to Exhibit 4 (email between PO Joshi and witness); Ms. Brawley asks the Court to take judicial notice of DMV website.
Redirect by Ms. Salazar.
Witness excused.
Ms. Salazar rests.
No rebuttal evidence from Ms. Brawley.
Closing argument by Ms. Brawley.
Closing argument by Ms. Salazar. |
|---|---|

| | Court takes a short break. |
| --- | --- |
| | Court back session; Court clarifies what is to be taken judicial notice of; Ms. Brawley notes Doc. 243 and 231 are for judicial noticed; Ms. Brawley notes Exhibits 1 through 5 are what is being offered for admittance; Ms. Brawley notes Exhibit 5 is a mental health clinic notifications of non-appearance by the Defendant; without objection, the Court admits Exhibit 1 – 5 and takes judicial notice of Docs. 231 and 243 of the Court record. |
| | Court in recess for a short break. |
| | Court back in session. |
| | The Court makes findings; takes judicial notice of Defendant's Plea Agreement (Doc. 211); Court determines, by a preponderance of evidenced, that the Defendant has violated her conditions of release by failing to work full time (30 hours) or attend school, failed to follow the instructions of the probation officer, and failed to participate in a mental health treatment program. |
| | Mr. Brawley argues for an upward variance to a term of 2 years. |
| | Ms. Salazar argues for a term at the low end of the guideline range. |
| | The Court finds the Defendant is not under oath when she exercises her right to address the Court before sentencing; Ms. Brawley agrees with the Court regarding the state of the law and that Ms. Uehara cannot be charged with perjury for the statement she will make to the Court prior to sentencing. |
| | Defendant addresses the Court. |
| | The Court notes the parties are in agreement that no further supervision shall be imposed. |
| | The Court recites history and pattern of prior issues and violations of supervision, including transcript of Judge Yarbrough's detention hearing. |
| | Based on the applicable sentencing factors, the Court imposes a sentence of 18 months custody. |